Vermont Superior Court
Filed 05/28/24
Addison Unit

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-00898

| Kathryn White et al v. Under Cover Roofing Labor Inc DBA Snow Country Roofing et al |
|---|

## ENTRY REGARDING MOTION

Title: Motion to Amend Complaint 2nd w/Jury Demand (Motion: 11)
Filer: Andrew W. Macilwaine
Filed Date: February 01, 2024

The motion is GRANTED IN PART and DENIED IN PART.

Plaintiffs filed a motion to amend their Amended Complaint and attached a red-lined version of their proposed Second Amended Complaint. They seek to add direct claims against four parties (Pinnacle, W. Ticos Roofing, Romero, and Zaruma), Defendants to the Third Party Claim filed by Under Cover in which the only claim against them was for indemnity.

Pinnacle, Ticos, and Zaruma have filed oppositions to the proposed amendment on grounds of futility, undue delay, and prejudice. Plaintiffs, in response, explain that they only discovered facts concerning the involvement of these parties during the discovery process and Plaintiffs rely on the liberal policy of allowing amendments. They also propose that any additional discovery could be accomplished in the period before when a trial is likely to be scheduled in any event. The responding Third Party Claim Defendants note that they have prepared their defenses only in relation to the single claim for indemnity, whereas the proposed Second Amended Complaint seeks direct liability against them based on five of the nine separate causes of action against Under Cover: consumer protection violation, negligent misrepresentation, breach of warranty, fraudulent concealment, and fraudulent inducement.

As to futility, Pinnacle argues that it is entitled to judgment on its motion for summary judgment and such a judgment precludes direct liability. Its motion is denied by separate entry order. Ticos argues that none of the factual allegations support a direct claim against it. Zaruma relies on the economic loss rule. In reply, Plaintiffs argue that they should be permitted to pursue negligence claims against the three responding parties, and argue that there is damage to property other than the limited property involved in the roofing contract so that negligence claims are not precluded by the economic loss rule.

As to undue delay, it is clear that it took some time to uncover who all the relevant participants in the project were and it took the discovery process to sort out what was done by

each of the multiple defendants at various points in time. The motion to amend was filed prior to the close of discovery. Given the liberal allowance of amendments related to information learned in discovery, the court cannot conclude that the Plaintiffs' delay in seeking to bring direct claims against the Third Party Claim Defendants was undue.

As to prejudice, it is noted that the proposed amended complaint does not identify specific acts of specific proposed defendants as to each of the five claims asserted against them, but simply makes the same factual allegations against the original Defendants applicable to the proposed new defendants. In reply to the responses filed by Pinnacle, Ticos, and Zaruma, Plaintiffs' counsel focuses on the negligence claim, arguing that the economic loss rule does not preclude the claim. The court agrees that it would be prejudicial to the proposed new direct defendants to have to respond to all five of the proposed claims against them based on general allegations that do not identify the conduct upon which such claims are made as to each. Plaintiffs' attorney focuses in the replies on supporting the negligence claim, and has not shown that the other claims are not futile. None of the newly proposed direct claims are based on clearly articulated facts as to each proposed defendant; even as to negligence, Plaintiffs have not submitted a modified form of proposed amended complaint that would limit identify facts concerning the specific conduct of each on which a negligence claim is based in the manner required by V.R.C.P. 8(a).

Overall, the court concludes that while there is no undue delay, it would be prejudicial for the proposed Defendants to have to defend against all five claims when only the negligence claim appears not to be futile. It would be prejudicial to them to have to respond to even the negligence claim alone without a clear articulation of the facts relied on by Plaintiffs with respect to each individual Defendant.

For the foregoing reasons, the court grants Plaintiff's motion in part on the following terms:

1. Plaintiffs may file a second amended complaint not as submitted in Exhibit A, but a revised version that limits the direct claims against the current Third Party Defendants to a claim of negligence only and articulates the claims against each in a manner that specifies the conduct and facts as to that individual party in compliance with V.R.C.P. 8(a).

2. The second amended complaint must be filed within 7 calendar days. The new direct Defendants shall have 21 days to file answers.

3. By July 1, 2024, the parties to the new direct claims shall file a stipulation to a new pretrial scheduling order to allow discovery on the new negligence claims only, or, if the parties cannot agree, by that date they may file their respective proposals for the court to determine the terms of the order. The goal is to provide for the discovery needed on the new claims only but to have it completed in time for a jury trial to be scheduled in the fall. An additional mediation session is not required, but the parties are encouraged to reengage in mediation for the benefits it provides.

Except as provided in the foregoing paragraphs, the motion is denied.


Electronically signed May 28, 2024 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned